# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORTER WHITE,<br><br>Plaintiff,<br><br>v.<br><br>TINA CAMPANELLA, et al.,<br><br>Defendants. | 1:11cv0402 AWI DLB<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Porter White ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on March 9, 2011. He challenges the denial of welfare benefits/food stamps by employees of the Merced County Welfare Office and Human Services Agency. He names Tina Campanella, Sarah (Jane Doe), H. Hernandez, Sherri Johnson, Ling Cao (John Doe) and A. J. Smith as Defendants.

**DISCUSSION**

A. Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. Plaintiff's Allegations

Plaintiff challenges the denial of food stamps and other benefits by Merced County employees. According to the complaint, Plaintiff and his wife, Stella White, applied for cash aid and food stamps on or about April 23, 2010. Plaintiff claims he was the applicant who applied for assistance on behalf of himself and his wife. Defendants allegedly changed the applicant name to Stella White and subsequently denied Plaintiff food stamps because of Stella White's alleged drug violation conviction. Plaintiff asserts that his wife entered a nolo contendere plea to a narcotics violation, which was used against him to deny benefits.

Defendant Campanella, an employee of the Merced County Welfare Office, sent Stella White a letter setting an appointment for May 7, 2010. Although Plaintiff's name was not mentioned in the notice to appear, Ms. H. Hernandez, a county employee, called Plaintiff's name during roll call. On May 7, 2010, Defendant H. Hernandez interviewed Plaintiff and his wife.

In June or July 2010, Defendant Johnson, an employee of the Merced County Eligibility Office, notified Plaintiff's wife of a pending appeal regarding denial of food stamps. Plaintiff informed Defendant Johnson that he, not his wife, filed the appeal. Defendant Johnson informed Plaintiff Ling Cao (John Doe), an employee of Merced County Human Services Agency, would be assigned to the case. Mr. Cao called Plaintiff and discussed the matter. After talking to Plaintiff by telephone, Mr. Cao refused to act on the matter.

In July or August 2010, Defendant A. J. Smith, an employee of Merced County Human Services, called Plaintiff to discuss the case. A few days later, Defendant Smith sent Plaintiff some papers, including a Superior Court transcript of the Stella White's sentencing for a drug

violation in 1998. Defendant Smith reportedly informed Plaintiff that his wife's conviction for possession of drugs did not allow him to get food stamps.

Plaintiff claims racial discrimination because he "is a Black man . . . married to a Caucasian female." Complaint ¶ 10a. He alleges a civil conspiracy, deprivation of the right to make a contract in violation of 42 U.S.C. § 1981, excess of jurisdiction by using the nolo contendere plea, denial of equal protection and due process in violation of the Fourteenth Amendment, and violation of the Fifth and Sixth Amendments.

Plaintiff seeks actual damages in the amount of three hundred dollars and punitive damages in the amount of one hundred million dollars.

C. Discussion of Food Stamp Program

The causes of action asserted by Plaintiff are premised on his underlying eligibility for food stamps.

"The Food Stamp Program was created by the Food Stamp Act of 1964, 7 U.S.C. § 2011 et seq. The purpose of this legislation was to maintain adequate levels of nutrition and to strengthen the nation's agricultural economy. [Citations.] The Program is jointly administered by the federal and state governments." *Aiken v. Obledo*, 442 F.Supp. 628, 633 (E.D. Cal.1977) "States are given the option of participating in the Food Stamp Program. If they elect to participate, they must administer the Program on the local level. This administration includes the processing of applications for food stamps, the certification of those found to be eligible, and the distribution of the food stamps. [Citation.] California, among other states, has elected to participate in the Food Stamp Program. [Welf. & Inst.Code, § 18900 et seq.] And it has elected to maximize its participation so the 'eligibility of households shall be determined to the extent permitted by federal law.'" *Aiken*, 442 F.Supp. at 636.

Insofar as Plaintiff complains that he is the relevant applicant for food stamps, Plaintiff's complaint fails to state a claim. Eligibility and benefit levels in the food stamp program are determined on a "household" rather than individual basis. *See Lyng v. Castillo*, 477 U.S. 635, 636 (1986). In California, the "eligibility of households shall be determined to the extent permitted by federal law." Cal. Welf. & Inst. Code § 18901. Under federal law, "household"

includes " a group of individuals who live together and customarily purchase food and prepare meals together for home consumption . . . Spouses who live together . . . shall be treated as a group of individuals who customarily purchase and prepare meals together for home consumption even if they do not do so." 7 U.S.C. § 2012(n). As the household is the critical unit for food stamp eligibility, the designation of one individual or another as the "applicant" is immaterial.

To the extent Plaintiff challenges the denial of his eligibility based on his wife's alleged drug conviction, Plaintiff also fails to state a claim entitling him to relief. Federal law disqualifies persons convicted of drug-related felonies from food stamps. 21 U.S.C. § 862a. Therefore, participating states must require each individual applying for assistance or benefits to state, in writing, whether the individual, or any member of the household of the individual, has been convicted of a felony drug-related offense for conduct occurring after August 22, 1996. 21 U.S.C. § 862a(c), (d)(2); *Arenas v. San Diego County Bd. of Supervisors,* 93 Cal.App.4th 210, 213, 112 Cal.Rptr.2d 845 (2001).

California has elected to opt out of this requirement for certain drug-related offenses. 21 U.S.C. § 862a(d). However, California precludes eligibility for persons who have been convicted of unlawfully transporting, importing into this state, selling, furnishing, administering, giving away, possessing for sale, purchasing for purposes of sale, manufacturing a controlled substance, possessing precursors with the intent to manufacture a controlled substance, or cultivating, harvesting, or processing marijuana. Cal. Welf. & Inst. Code §18901.3(b). Thus, Plaintiff would be ineligible if he, or any member of his household, had been convicted of certain drug related offenses for conduct after August 22, 1996. Plaintiff has not identified the type of drug-related offense at issue.

Plaintiff further asserts that because his wife entered a plea of *nolo contendere*, it cannot be used against her to deny food stamp eligibility. However, there is no indication that federal or state law provides an exception for convictions following a plea of nolo contendere. 21 U.S.C. § 862a; Cal. Welf. & Inst. Code § 18901.3(b).

Given these standards, Plaintiff has not identified an improper denial of food stamps to support a constitutional violation or denial of his rights. As Plaintiff is proceeding pro se, he will be given one opportunity to amend, although it is unclear whether Plaintiff can successfully do so. The Court notes that in addition to food stamps, Plaintiff also mentions general aid and "CALWORKS." It is unclear whether Plaintiff is attempting to challenge his eligibility for more than food stamps. If Plaintiff elects to amend, he should clarify whether his allegations are limited to food stamp eligibility.

D. Conclusion

Based on the above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. In amending his complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Plaintiff may file an amended complaint within **thirty (30) days** of the date of service of this order. Plaintiff's complaint should be clearly titled, "First Amended Complaint," and shall refer to the case number assigned to this action. It must contain a short and plain statement of his claims and must clearly set forth the causes of action alleged against each defendant. If Plaintiff does not file an amended complaint within this time frame and in accordance with this order, the Court will recommend that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **March 24, 2011**

**/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE