**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **PORTER WHITE,** | ) | **1: 11-CV-0402 AWI DLB** |
| | ) | |
| **Plaintiff**, | ) | **ORDER DENYING PETITION FOR** |
| | ) | **WRIT OF MANDAMUS, DENYING** |
| **v.** | ) | **REQUEST FOR RECUSAL, AND** |
| | ) | **DENYING REQUEST FOR** |
| **TINA CAMPANELLA, et al.,** | ) | **RECONSIDERATION** |
| | ) | |
| **Defendants.** | ) | (Document #11) |
| | ) | |
| _____ | ) | |

Plaintiff Porter White ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on March 9, 2011.   Plaintiff challenges the denial of welfare benefits/food stamps by employees of the Merced County Welfare Office and Human Services Agency.  On March 25, 2011, Magistrate Judge Dennis L. Beck dismissed Plaintiff's complaint with leave to amend.

On May 3, 2011, Plaintiff filed a writ of mandamus to compel Magistrate Judge Dennis L. Beck to abide by the rules of judicial conduct.   This document appears to be a motion to recuse Magistrate Judge Beck from this action and/or a request for the undersigned to reconsider Magistrate Judge Beck's March 25, 2011 order.

Title 28 U.S.C. § 455 provides that a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned or where he has a personal bias or prejudice concerning a party, personal knowledge of disputed evidentiary facts concerning the proceeding, served as lawyer in the matter in controversy, or knows that he or his family have a financial interest in the subject matter in controversy.    Under Section 455, a judge has an affirmative duty to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted).  The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997); United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986).   The Ninth Circuit reviews the court's denial of a section 455 motion for recusal is reviewed for abuse of discretion.  United States v. Chischilly, 30 F.3d 1144, 1149-1150 (9th Cir.1994).  The alleged bias must stem from an "extrajudicial source." Liteky v. United States, 510 U.S. 540, 544-56 (1994).  Normally, rulings by a court during the course of a case cannot be extra-judicial conduct. See Hasbrouck v. Texaco, Inc., 830 F. 2d 1513, 1523-24 (9th Cir. 1987); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F. 2d 1538, 1548 (9th Cir. 1988).  Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008).   However, "expressions of impatience, dissatisfaction, annoyance, and even anger" are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration. Liteky, 510 U.S. at 555-56; Pesnell, 543 F.3d at 1044.  Judicial rulings may support a motion for recusal only "in the rarest of circumstances." Liteky, 510 U.S. at 555.

In this case, Plaintiff moves for recusal based on Magistrate Judge Beck's March 25, 2011 order.  Plaintiff's basis for claiming Magistrate Judge should be removed arises from his

1   orders in this case.  As such, it is not a proper reason for recusal without a showing of

2   "deep-seated and unequivocal antagonism that would render fair judgment impossible."   The

3   court has reviewed the record in this action.   Plaintiff has **not** demonstrated any type of

4   deep-seated favoritism on the part of Magistrate Judge Beck as to make fair judgment

5   impossible.   Thus, removing Magistrate Judge Beck from this action is not appropriate.

6         To the extent Plaintiff is asking the undersigned to reconsider Magistrate Judge Beck's

7   March 25, 2011 order, the undersigned reviews a motion to reconsider a Magistrate Judge's

8   ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. §

9   636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure.   Plaintiff has failed to

10  show that the March 25, 2011 order is clearly erroneous or contrary to law.    Plaintiff has not

11  shown that the Magistrate Judge's conclusion that the complaint failed to allege Plaintiff is

12  entitled benefits is erroneous or contrary to law.  Plaintiff has failed to show Magistrate Judge

13  Beck's conclusion that benefits are awarded to "households" and Plaintiff has not shown that all

14  members of his "household" are eligible for benefits is incorrect.   See 7 U.S.C. § 2012(n).

15  While the complaint could have been dismissed without leave to amend based on the alleged

16  facts, Magistrate Judge Beck showed caution and allowed Plaintiff the opportunity to amend the

17  complaint to allege additional facts showing how his "household" is eligible for benefits.   This

18  ruling was not clearly erroneous or contrary to law.

19        Accordingly, the court ORDERS that Plaintiff's motion for a writ of mandamus to

20  compel Magistrate Judge Beck to abide by the rules of the code of judicial conduct, motion to

21  recuse Magistrate Judge Beck, and motion for reconsideration is DENIED.

22  IT IS SO ORDERED.

23
    Dated:    May 9, 2011
24                                          CHIEF UNITED STATES DISTRICT JUDGE

25

26

27

28                                        3