**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PORTER WHITE,**<br><br>            **Plaintiff**,<br><br>    v.<br><br>**TINA CAMPANELLA, et al,**<br><br>            **Defendants**. | 1: 11- CV - 0402 AWI DLB<br><br>**ORDER DENYING PLAINTIFF'S MAY 18, 2011 REQUEST FOR RECONSIDERATION**<br><br>(Document #13) |

## BACKGROUND

Plaintiff Porter White ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on March 9, 2011.  Plaintiff challenges the denial of welfare benefits/food stamps by employees of the Merced County Welfare Office and the Human Services Agency. Plaintiff contends that his name was removed from his application for food stamps and the name of Petitioner's wife, Stella White, was added.   Plaintiff contends that Defendants subsequently denied Plaintiff food stamps because of Stella White's alleged drug convictions.

On March 25, 2011, Magistrate Judge Dennis L. Beck dismissed Plaintiff's complaint with leave to amend.  On May 3, 2011, Plaintiff filed a writ of mandamus to compel Magistrate Judge Beck to abide by the rules of judicial conduct. This document appears to be a motion to recuse Magistrate Judge Beck from this action.    On March 9, 2011, the court denied Plaintiff's motion.

On May 19, 2011, Plaintiff filed a reqeust for reconsideration.    Petitioner questions both the dismissal of his action and Judge Beck's refusal to recuse himself from this action.

**LEGAL STANDARD**

Rule 72(a) of the Federal Rules of Civil Procedure allows a party to serve and file objections to a Magistrate Judge's nondispositive order within ten days.  In this court, this type of objections are treated as a motion for reconsideration by the assigned District Court Judge and should be captioned "Request for Reconsideration." See Local Rule 303.

Motions to reconsider are committed to the discretion of the trial court.  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, at *1 (D.Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion.").

//

**ALLEGED FACTS**

Plaintiff contends that a felony crime was committed by Defendants when they substituted Plaintiff's name on his request for food stamps with another individual (i.e. Plaintiff's wife).  The motion for reconsideration admits that Plaintiff's wife, Stella White, has been subject to a felony conviction for a violation of California Penal Code § 470.

**DISCUSSION**

Plaintiff contends that Magistrate Judge Beck violated the law when he knew or should have known that inserting another name into Plaintiff's application for food stamps was illegal. Plaintiff complains that Judge Beck has failed to stop the falsification of Plaintiff's records in Plaintiff's application for food stamps.

Plaintiff has failed to show that Magistrate Judge Beck's March 25, 2011 order is clearly erroneous or contrary to law. Plaintiff has not shown that the Magistrate Judge's conclusion – that the complaint fails to allege that Plaintiff is entitled to benefits – is erroneous or contrary to law. Plaintiff has failed to show that Magistrate Judge Beck's conclusion that benefits are awarded to "households", as opposed to individuals, is incorrect and contrary to law. See 7 U.S.C. § 2012(n).

**ORDER**

Accordingly, the court ORDERS that:

1. Plaintiff's request for reconsideration is DENIED.
2. Plaintiff may file an amended complaint within thirty (30) days of the date of service of this order.  Plaintiff is reminded that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. The amended complaint also should contain a short and plain statement of his claims and must clearly set forth the causes of action alleged against each defendant.
3. If Plaintiff does not file an amended complaint within this time frame and in

accordance with the courts' orders, the court will dismiss this action for failure to state a claim.

IT IS SO ORDERED.

Dated:   June 2, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE