# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PORTER WHITE, | ) | 1:11cv0402 AWI DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| TINA CAMPANELLA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

   Plaintiff Porter White ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed this action on March 9, 2011. He filed an amended complaint on March 23, 2011, challenging the denial of his food stamps because of his wife's alleged drug violation conviction.

   On March 25, 2011, the Court dismissed the amended complaint, but granted Plaintiff leave to amend. In granting leave to amend, the Court explained that eligibility and benefit levels in the food stamp program are determined on a household, not an individual, basis. The Court further explained that Plaintiff failed to allege that his "household" was eligible for food stamps to support a constitutional violation. The Court also provided Plaintiff with the relevant legal standards.

   On August 17, 2011, Plaintiff filed a second amended complaint ("SAC"). The SAC is now before the Court for screening.

**DISCUSSION**

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Allegations

Plaintiff claims that his case is not about the denial of food stamps.  Rather, Plaintiff contends that his case concerns "A Refusal To Allow Plaintiff The Right To file An Application for Food Stamps," which denied him due process and denied him the right to make a contract. SAC p. 2.

According to the SAC, Plaintiff admits that he filed an application for food stamps for both his wife, Stella White, and himself on April 23, 2010.  SAC p. 9.  He contends, however, that Defendants Tina Campanella and/or Sarah (Jane Doe) removed his name from the application and replaced it with his wife's name.  He asserts that the name change was a denial of his right to file an application for food stamps, a denial of his right to make a contract, and a denial of due process.  Plaintiff further asserts that Defendants acted in absence of jurisdiction by using his wife's nolo contendere plea regarding a narcotics violation as a reason to deny him benefits.

1     Plaintiff seeks punitive damages in the amount of two million dollars from each
2 defendant and ten million dollars for the constitutional violations.
3 C.    Analysis
4     Plaintiff complains that he was denied the right to apply for food stamps. Plaintiff has
5 failed to state a cognizable legal claim for several reasons.
6     First, Plaintiff admits that he was able to submit an application for food stamps.
7 Plaintiff's concern relates to a later "name change" on the application. Given Plaintiff's
8 admission that he presented an application, there was no denial of his right to apply for food
9 stamps.
10     Second, even if Plaintiff's wife's name was substituted for his name, such a change is
11 inconsequential to Plaintiff's eligibility for food stamps. As the Court previously explained to
12 Plaintiff, eligibility and benefit levels in the food stamp program are determined on a
13 "household" rather than an individual basis. See Lyng v. Castillo, 477 U.S. 635, 636 (1986).
14 The "eligibility of households" in California is "determined to the extent permitted by federal
15 law." Cal. Welf. & Inst. Code § 18901. Under federal law, "household" includes " a group of
16 individuals who live together and customarily purchase food and prepare meals together for
17 home consumption . . . Spouses who live together . . . shall be treated as a group of individuals
18 who customarily purchase and prepare meals together for home consumption even if they do not
19 do so." 7 U.S.C. § 2012(n). In this instance, Plaintiff and his spouse are treated as a
20 "household," which is the critical unit for food stamp eligibility. Therefore, the designation of
21 one spouse or another as the "applicant" is immaterial. In other words, food stamp eligibility
22 does not depend upon whether Plaintiff's name or his wife's name was placed on the application.
23     Third, to the extent Plaintiff challenges the denial of his eligibility based on his wife's
24 alleged drug conviction, Plaintiff also fails to state a claim entitling him to relief. Federal law
25 disqualifies persons convicted of drug-related felonies from food stamps. 21 U.S.C. § 862a.
26 Therefore, participating states must require each individual applying for assistance or benefits to
27 state, in writing, whether the individual, or any member of the household of the individual, has
28 been convicted of a felony drug-related offense for conduct occurring after August 22, 1996. 21

U.S.C. § 862a(c), (d)(2); Arenas v. San Diego County Bd. of Supervisors, 93 Cal.App.4th 210, 213, 112 Cal.Rptr.2d 845 (2001).

California has elected to opt out of this requirement for certain drug-related offenses. 21 U.S.C. § 862a(d). However, California precludes eligibility for persons who have been convicted of unlawfully transporting, importing into this state, selling, furnishing, administering, giving away, possessing for sale, purchasing for purposes of sale, manufacturing a controlled substance, possessing precursors with the intent to manufacture a controlled substance, or cultivating, harvesting, or processing marijuana. Cal. Welf. & Inst. Code §18901.3(b). Thus, Plaintiff would be ineligible if he, *or any member of his household*, had been convicted of certain drug related offenses for conduct after August 22, 1996. Plaintiff has not alleged that his household is entitled to benefits, but has alleged that his wife entered a *nolo contendere* plea to a drug-related offense in 1998. Plaintiff cannot claim a denial of his civil rights if his household is not otherwise entitled to benefits.

Plaintiff further asserts that the *nolo contendere* plea cannot be used to deny food stamp eligibility. However, there is no indication that federal or state law provides an exception for convictions following a plea of *nolo contendere* in the case of food stamp eligibility. 21 U.S.C. § 862a; Cal. Welf. & Inst. Code § 18901.3(b).

## CONCLUSION AND RECOMMENDATION

Plaintiff's amended complaint does not state any cognizable claims for relief. Plaintiff was previously given leave to amend to cure the deficiencies in his claims, but was unable to do so. Therefore, the Court finds that further leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000). The Court RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections

with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 30, 2011**              /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE